# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE VINCENT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. H-05-2302 |
| | § | |
| COMERICA BANK, TEXAS, N.A., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case, removed from state court, is before the Court on the Motion to Remand [Doc. # 4] filed by Plaintiff Stephanie Vincent ("Vincent"). Defendant Comerica Bank, Texas, N.A. ("Comerica") has filed a Response [Doc. # 7]. Vincent has not replied. The motion is ripe for decision. Having reviewed the full record in this case and the governing legal principles, the Court concludes that the jurisdictional amount appears to be satisfied, but Plaintiff is entitled to an opportunity to file a binding stipulation limiting recovery to an amount less than $75,000.

Vincent alleges in her Original Petition ("Petition") that Comerica, a bank, terminated her employment as a customer service representative due to her mistake in failing to place a "hold" on certain deposits, which led to Comerica's losses when the checks were returned for insufficient funds. Vincent quickly secured other

employment, but the prospective employer withdrew its offer when it verified Vincent's employment with Comerica. Vincent alleges that Comerica told the prospective employer that it terminated her due to "Differences/Balancing Problems," a term understood in the industry to imply that she stole or mishandled funds. Vincent has continued to seek employment, without success. Vincent sues for libel, slander, negligence, and gross negligence under state law. She seeks actual and exemplary damages. *See* Plaintiff's Original Petition, at 1-3, 7.

Comerica has removed this case from state court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. Vincent seeks remand on the ground that the amount in controversy is less than the jurisdictional $75,000 required by § 1332. Vincent did not plead a specific amount in unliquidated damages in her Petition, in compliance with Texas rules which prohibit pleading such damages. *See* TEX. R. CIV. P. 47(b).[1] In her Motion, Vincent alleges that her damages do not currently exceed $75,000, but also asserts that Comerica is continuing to provide false information to prospective employers, which could at some time in the future drive damages above $75,000 due to her continued unemployment or underemployment. *See* Plaintiff's Motion to Remand, at 4. Vincent contends that

---

[1] For discovery purposes, Vincent alleges that she seeks monetary relief aggregating more than $50,000. Plaintiff's Original Petition, at 1.

"the mere possibility that those damages could accrue is irrelevant to the jurisdiction of this Court or the propriety of the removal." *Id.* (citing *Lawson v. Tyco Elec. Corp.*, 286 F. Supp. 2d 639, 641-42 & n.2 (M.D.N.C. 2003) ("Although at trial Plaintiff's lost wages may exceed the amount in controversy requirement, on this logic, every case claiming lost wages would eventually meet the requirement.")).

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

Where, as here, the petition does not allege a specific amount in damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). A court can determine that removal was proper if it is facially apparent that the claims are likely above $75,000. *See id.* In making such a determination, "the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed" the jurisdictional

amount. *Id.*[2] Courts have relied on "common sense," experience, as well as damages awards in similar cases, in assessing the amount in controversy. *See id.* (concluding, in light of "common sense," that plaintiffs would collect amount in excess of jurisdictional limits if successful on their punitive damages claim); *Cross v. Bell Helmets, U.S.A.,* 927 F. Supp. 209, 213 & n.8 (E.D. Tex. 1996) (stating courts may rely on "common experience" and damages awards in similar cases in determining amount in controversy); *Hogg v. Rust Indus. Cleaning Servs., Inc.,* 896 F. Supp. 655, 657 (E.D. Tex. 1995) (citing damages award in another case as basis for determination that amount in controversy exceeded jurisdictional limits).

If a defendant can show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional amount, then the burden shifts to the plaintiff to show that, as a matter of law, it is certain he will not be able to recover more than the amount prayed for in the state court petition. *See DeAguilar v. Boeing*, 47 F.3d 1404, 1410 (5th Cir. 1995). A plaintiff can establish this by identifying a statute or filing a binding stipulation that limits his recovery. *Manguno*, 276 F.3d at 724.

The Court concludes that Comerica has shown by a preponderance of evidence that Vincent seeks damages in excess of $75,000. Vincent admits that her damages

---

[2] In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Id.* at 1336.

exceed $50,000. *See* Petition, at 1. She also admits that her actual damages may exceed $75,000 at some point in the future due if her unemployment continues. *See* Plaintiff's Motion, at 4. Vincent, a skilled professional and a college graduate, seeks back pay, front pay, as well as damages for past and future physical pain and suffering, past and future emotional pain and mental anguish, past and future loss of enjoyment of life, and past and future injury to reputation. *See* Petition, at 3, 6. She also seeks exemplary damages. *See id.* at 5, 7. It is obvious that if Vincent is successful on her claims, she could recover far in excess of $75,000. *See, e.g., Bunton v. Bentley, III.,* 2005 WL 673938, at *2 (Tex. App.– Tyler Mar. 23, 2005, pet. filed) (not yet released for publication) (upholding $1 million punitive damage award and unchallenged $300,000 actual damages award in defamation action); *Shearson Lehman Hutton, Inc. v. Tucker,* 806 S.W.2d 914 (Tex. App.– Corpus Christi 1991, writ denied) (affirming $1 million exemplary damages award in slander lawsuit); *Frank B. Hall v. Buck,* 678 S.W.2d 612 (Tex. App.– Houston [14th Dist.] 1984, writ ref'd n.r.e.) (awarding $1,300,000 in exemplary damages in defamation action).

Because Comerica has shown that the amount in controversy exceeds $75,000, Vincent must show that she is legally precluded from recovering $75,000 or more. The causes of action asserted by Vincent do not limit Vincent's recovery to less than

the jurisdictional amount of this Court.  Additionally, Vincent has not filed a binding stipulation limiting the scope of her recovery to less than $75,000.

In conclusion, Comerica has shown that the amount in controversy exceeds the jurisdictional amount.  Vincent, however, should be given the opportunity to prove to a legal certainty that her recovery will fall below $75,000 by filing a binding stipulation limiting her recovery, including attorneys' fees.  The stipulation must state definitively that Vincent's recovery in this case is unconditionally limited to no more than $75,000 and must be signed by counsel and by Vincent personally.  Accordingly, it is hereby

**ORDERED** that Plaintiff may file by **August 22, 2005**, a binding stipulation limiting her *total* recovery in this case, including attorney's fees, to an amount below $75,000.  <u>If Plaintiff fails to file the stipulation by August 22, 2005, the Court will issue an order denying the Motion to Remand.</u>  If Plaintiff files the stipulation by August 22, 2005, Defendant may file by **August 29, 2005**, any objections to the adequacy of the affidavit.

SIGNED at Houston, Texas, this **16th** day of **August**, **2005.**

Nancy F. Atlas
United States District Judge